UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES SMALL BUSINESS ADMINISTRATION, AS RECEIVER FOR SUNDANCE VENTURE PARTNERS, L.P., | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION H-05-3041 |
| INTEGRATED ENVIRONMENTAL SOLUTIONS, INC., | § § § § | |
| *Defendant.* | § § | |

## ORDER

Pending before the court is the defendant's motion to dismiss (Dkt. #6). After considering the motion, the response, and the applicable law, the court is of the opinion that the motion should be DENIED.

### Factual and Procedural Background

On August 22, 2000, the defendant, Integrated Environmental Solutions, Inc. ("IES"), a Delaware corporation with its principal place of business in Polk County Florida, entered into a Letter Loan Agreement, Promissory Note, and Security Agreement with Cabell Financial Corporation ("Cabell"). On the same day, Cabell entered into three loan participation agreements, whereby Cabell sold a participation in the Promissory Note to three other parties. Sundance Venture Partners, L.P. ("Sundance"), a Texas limited partnership, was one of the three parties, and therefore, became a loan participant in the loan to IES.

On November 11, 2001, the United States, through the plaintiff, the United States Small Business Administration, filed suit in this Court and was appointed as Receiver on November 29, 2001 on behalf of Sundance. The plaintiff filed a copy of the Complaint and Order of Appointment

with the District Court for the Middle District of Florida on December 13, 2001. The receivership is ongoing and remains pending in this Court.

On November 15, 2004, Cabell assigned its exclusive right to enforce the loan documents to the plaintiff, acting on behalf of Sundance. On January 14, 2005, the Receiver provided IES notice that it was in default. Thereafter, the Receiver gave notice to IES on July 19, 2005 that all principal and interest due under the loan would be accelerated pursuant to an acceleration clause in the Letter Loan Agreement. After IES failed to make payment, the plaintiff commenced this action. The defendant filed its motion to dismiss on December 14, 2005, to which the plaintiff filed a timely response.

## Discussion

The defendant seeks dismissal on three grounds: (1) that it did not consent to the assignment from Cabell to the plaintiff as required under the Security Agreement; (2) that the court lacks subject matter jurisdiction; and (3) that the court lacks personal jurisdiction over it. The court will address each below.

### I.  Assignment of Collection Rights

With the support of virtually no legal authority, the defendant urges dismissal of this action because it did not consent to the assignment between Cabell and the plaintiff. The defendant points to language in the Security Agreement that states, "Secured Party (Cabell) may not assign its rights and obligations under this Agreement without the prior written consent of the Debtor." The defendant also insists that this language applies to the two other agreements signed between it and Cabell. In response, the plaintiff submits the assignment did not add or substitute another party to the Loan Agreement or affect any of the defendant's rights and obligations under the loan documents.

2

Rather, the plaintiff contends the assignment merely gave it the right to enforce the defendant's obligations to Cabell—a right that emanated from the loan participation agreement between Sundance and Cabell, rather than any of the loan documents between Cabell and the defendant. The Court agrees. Because the defendant has failed to direct the court to any legal authority to support its position, dismissal as to this issue would be improper at this time.

**II.    Jurisdiction**

The defendant also seeks dismissal on the ground that this court lacks jurisdiction—subject matter and *in personam*. Regarding the former, it is well-settled that when an initial suit results in the appointment of the receiver, any suit that the receiver thereafter brings in the appointment court in order to execute his duties is ancillary to the main suit. *See Haile v. Henderson Nat'l Bank*, 657 F.2d 816, 822 (6th Cir. 1981). In such a case, the court has ancillary subject matter jurisdiction of every such suit irrespective of diversity, amount in controversy, or any other factor that would normally determine jurisdiction. Here, the plaintiff filed suit in this court on November 11, 2001, and was appointed as receiver for Sundance on November 11, 2001. Prior to that time, Sundance had become a participant in the loan that is at issue in this case. Therefore, the court is satisfied that this action is ancillary to the receivership proceeding, and thus, subject matter jurisdiction is present.

The court's exercise of *in personam* jurisdiction over the defendant is also appropriate. The *in personam* jurisdiction of a court in a federal equity receivership proceeding is not governed by the traditional minimum contacts analysis as argued by the defendant. In cases involving federal equity receiverships, the receivership court acquires nationwide jurisdiction based on the interplay of 28 U.S.C. § 754 and 28 U.S.C. § 1692. Here, the lawsuit brought by the plaintiff against the defendant is authorized by 28 U.S.C. § 1692. That statute provides:

> In proceedings in a district court where a receiver is appointed for property, real, personal, or mixed, situated in different districts, process may issue and be executed in any such district as if the property lay wholly within one district, but orders affecting the property shall be entered of record in each of such districts.

28 U.S.C. § 1692.  Thus, the territorial jurisdiction of a receivership court extends to any district where property of the receivership estate may be located. *S.E.C. v. Cook*, No. 3- 01-CV-0480-R, 2001 WL 803791, *2-3 (N.D. Tex. July 11, 2001) (citing *S.E.C. v. Vision Comm., Inc.*, 74 F.3d 287, 290 (D.C. Cir. 1996); *Haile*, 657 F.2d at 823).  Through this lawsuit, the plaintiff seeks to recover assets that allegedly belong to the receivership estate.  That is, the plaintiff is pursuing a cause of action belonging to Sundance.  The defendant is located in the district of the Middle District of Florida, where the loan agreements were executed by the parties.

The plaintiff also satisfied 28 U.S.C. § 754.  Section 754 provides in pertinent part:

> A receiver appointed in any civil action or proceeding involving property, real, personal or mixed, situated in different districts shall, upon giving bond as required by the court, be vested with complete jurisdiction and control of all such property with the right to take possession thereof.
>
> * * *
>
> Such receiver shall, within ten days after the entry of his order of appointment, file copies of the complaint and such order of appointment in the district court for each district in which property is located.

28 U.S.C. § 754.  Although the defendant submits that the plaintiff did not timely file copies of the complaint and order of the appointment, the exhibits submitted by the plaintiff suggest otherwise. In particular, the exhibits submitted by the plaintiff indicate that the complaint and order of the appointment were filed in the District Court for the Middle District of Florida on December 13, 2001.

Applying the time computation directives of Federal Rule of Civil Procedure 6(a),[1] this is the tenth day after the entry of the order of appointment. Thus, the plaintiff has complied with the appropriate statutes and personal jurisdiction over the defendant is proper.

## Conclusion

For the foregoing reasons, the defendant's motion to dismiss is DENIED.

Signed at Houston, Texas on August 10, 2006.

_____
Gray H. Miller
United States District Judge

---

[1] Rule 6(a) provides the following:

In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. . . . When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.